UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS SHERMAN DIVISION

| | | |
|---|---|---|
| SAMANTHA SUN OASIS LIQUOR, | § | |
| | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| V. | § | **CASE NO. 4:25-cv-176** |
| | § | |
| ACE PROPERTY & CASUALTY INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION:**

Pursuant to 28 U.S.C. §§1332, 1441, and 1446, Defendant ACE Property & Casualty ("Defendant" or "ACE"), gives notice of removal of this civil action, Cause Number 24-10986-442, currently pending in the 442nd District Court of Denton County, Texas, and hereby removes this action to the United States District Court for the Eastern District of Texas, Sherman Division. In support of its notice of removal, ACE states as follows:

1.      November 20, 2024, Plaintiff filled the Plaintiff's Original Petition (Complaint) bearing Cause Number 24-10986-442 in the 442nd District Court of Denton County, Texas.

2.      ACE is the sole defendant named in the Petition by the Plaintiff styled *Samantha Sun Oasis Liquor v. ACE Property & Casualty Insurance Company*. Summons and Original Petition (Complaint) attached hereto as **Exhibit 1.**

1

11461120.1

3.      ACE was served with the Summons and Complaint on or about January 29, 2025. *See* Notice of Service of Process, attached hereto as **Exhibit 2.**

4.      The United States District Court for the Eastern District of Texas, Sherman Division is the Court embracing the place wherein such action is pending in state court.

5.      This removal is effected and has been timely filed within one (1) year after commencement of the action and within thirty (30) days after Defendant received service of Plaintiff's Summons and Complaint.

6.      This Court has jurisdiction over this matter, and it is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

7.      Pursuant to 28 U.S.C. § 1446(a), a copy of the docket along with a copy of all pleadings filed in the record of the State Court action are attached hereto as **Exhibit 3**.

8.      For purposes of diversity of citizenship under 28 U.S.C. §1332(c)(2), Plaintiff Samantha Sun Oasis Liquor, at all times, is a citizen of the State of Texas, who maintains its principal place of business in Denton County, Texas.

9.      Defendant is a Pennsylvania corporation and maintains its principal place of business in Pennsylvania. Therefore, Defendant is not a citizen of Texas. *See* Pennsylvania Department of State Business Search attached hereto as **Exhibit 4.**

10.      This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, in that all properly joined and served parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11.      If it is facially apparent that Plaintiff's claims exceed the jurisdictional amount, Ace Fire Underwriters' burden is satisfied.[1]

---

[1] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

11461120.1

12.     When removal is premised upon diversity jurisdiction and the parties dispute whether the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332(a), courts must determine the amount in controversy in light of "the claims in the state court petition as they existed at the time of removal."[2]

13.     The district court must first examine the petition to determine whether it is "facially apparent" that the claims exceed the minimum jurisdictional requirement. If it is not thus apparent, the court may rely on "summary judgment-type" evidence to ascertain the amount in controversy.[3] Courts have considered pre-suit demand letters as such evidence in determining whether defendants have met the preponderance burden.[4]

14.     Plaintiff alleges that it is an insured under ACE Property and Casualty  Policy Number D96749648 ("the Policy") which insured Plaintiff's business property located at 7120 Main Street, The Colony, Texas 75056 (the "subject Property"). *See* **Exhibit 1.**

15.     Plaintiff alleges that Defendant's "failure and/or refusal to pay adequate coverage constitutes a breach of Ace's insurance contract with Plaintiff. *"See*  **Exhibit 1 ¶ 39 and 40.**

13.     The amount in controversy facially exceeds $75,000.00, as Plaintiff's Petition seeks actual damages totaling $194,890.27. *See* **Exhibit 1, ¶ 63.**

14.     Given that Plaintiff seeks recovery for damage to the Property totaling $194,890.27, in addition to an award for attorney's fees and costs pursuant Tex. Ins. Code §542.060, Plaintiff's claims exceed the minimum jurisdictional requirement that the amount in controversy exceeds

---

[2] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[3] *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[4] *See Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 910–12 (5th Cir. 2002) (per curiam); *Greenberg*, 134 F.3d at 1254-55; *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994); *Molina v. Wal–Mart Stores Tex., L.P.*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008).

11461120.1

$75,000.000. *See* **Exhibit 1 ¶ 66.** *See also*, *Brown v. Wright Nat'l Flood Ins. Co.*, 2021 U.S. App. LEXIS 20519  (the amount in controversy requirement is met if it is apparent from the face of the petition that the claims are likely to exceed $75,000*); Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309 (5th Cir., 2022) (if the plaintiff's state court petition specifies a dollar amount of damages, that amount controls if made in good faith).

15. The facts related to the federal court's jurisdiction over this matter were true at the time Plaintiff filed its Petition and are true presently.

16. Pursuant to 28 U.S.C. § 1446(d), Plaintiffs are being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the Clerk of the District Court of the 442nd Judicial District of Denton County, Texas.

17. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel hereby certify that they have read the foregoing Notice of Removal, that to the best of their knowledge, information, and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose.

18. By filing this Notice of Removal, Defendant does not waive, and hereby reserves all defenses and objections to the Plaintiffs' Summons and Petition including, but not limited to, failure to state a claim, lack of personal jurisdiction, improper venue and/or insufficiency of service of process.

**WHEREFORE,** the Defendant, ACE PROPERTY AND CASUALTY INSURANCE COMPANY, respectfully requests that the above-referenced action pending in the 442nd District Court in the Judicial District Court of Denton County, Texas, Cause Number: 24-10986-442, be removed from that court to the United States District Court Eastern District of Texas, Sherman

11461120.1

Division, and that this Court assume jurisdiction over the cause herein as provided by law and grants such further relief that this Court deems just and proper.

Dated this 21st day of February, 2025.

Respectfully submitted,

**CLAUSEN MILLER P.C.**

By:    */s/ Ramy Elmasri*
**RAMY ELMASRI, ESQ.**
Texas Bar No. 24051690
2929 Allen Parkway American
General Center, Ste 200
Houston, TX 77019
Phone: 346.229.4616
relmasri@clausen.com
mnyallay@clausen.com
jcox@clausen.com
***Attorney for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of February, 2025, a true and correct copy of the foregoing instrument has been forwarded to all parties via electronic service in accordance with the Texas Rules of Civil Procedure.

*/s/ Ramy P. Elmasri*
Ramy P. Elmasri

11461120.1