---

### CITATION BY CERTIFIED MAIL

---

## CAUSE NO. 24-10986-442

**TO: Ace Property & Casualty Insurance Company, Registered Agent C T Corporation System, 1999 Bryan St, Ste 900, Dallas, TX 75201-3136 (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may also be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. The nature of the suit is fully shown by a true and correct copy of the Plaintiff's Original Petition and Jury Demand accompanying this citation and made a part hereof.

| | |
|---|---|
| Court: | 442nd Judicial District Court<br>1450 E, McKinney, 4th Floor, Denton, TX 76209 |
| Cause No.: | 24-10986-442 |
| Date of Filing: | 11/20/2024 |
| Document: | Plaintiff's Original Petition and Jury Demand |
| Parties in Suit: | Samantha Sun Oasis Liquor; Ace Property & Casualty Insurance Company |
| Clerk: | David Trantham, District Clerk<br>1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or Party's Attorney: | Anthony Pasto<br>5900 Balcones Drive # 15930 Austin, TX 78731 |

Issued under my hand and seal of this said court on this the 22nd day of January, 2025

David Trantham, District Clerk
Denton, Denton County, Texas

BY: _Rebecca Moss_ _____, Deputy

Rebecca Moss

**EXHIBIT 1**

FILED: 11/20/2024 11:10 AM
David Trantham
Denton County District Clerk
By: Yvette Ibarra-Martin, Deputy

24-10986-442

CAUSE NO. _____

| | | |
|---|---|---|
| SAMANTHA SUN OASIS LIQUOR, | § | IN THE JUDICIAL COURT OF |
| *Plaintiff,* | § | |
| | § | |
| Vs. | § | DENTON COUNTY, TEXAS |
| | § | |
| ACE PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| *Defendant.* | § | _____ DISTRICT COURT |

## PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiff, Samantha Sun Oasis Liquor ("Plaintiff") and files this, Plaintiffs' Original Petition and Jury Demand, complaining of Defendant, Ace Property & Casualty Insurance Company ("Ace") (or "Defendant") and for cause of action, Plaintiff respectfully show the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends to conduct discovery under Level 2, pursuant to Texas Rules of Civil Procedure 190.3.

### PARTIES

2.  Plaintiff, Samantha Sun Oasis Liquor resides in Denton County, Texas.

3.  Defendant, Ace Property & Casualty Insurance Company is an insurance company engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon Ace through its registered agent for service listed with the Texas Department of

1

**EXHIBIT 1**

Insurance:  **C T Corporation System, 1999 Bryan St., STE 900, Dallas, TX 75201-3136**.

Plaintiff requests service at this time.

### JURISDICTION

4.    The Court has jurisdiction over Ace because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Ace's business activities in the state, including those in Denton County, Texas, with reference to this specific case.

### VENUE

5.    Venue is proper in Denton County, Texas because the insured property is located in Denton County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Denton County, Texas. TEX. CIV. PRAC. & REM. CODE§ 15.032.

### FACTS

6.    Plaintiff asserts claims for breach of contract, common law bad faith, fraud, violations of Chapters 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7.    Plaintiff owns an Ace insurance policy, number D96749648 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 7120 Main Street, The Colony, Texas 75056 ("the Property").

8.    Ace or its agent sold the Policy, insuring the Property, to Plaintiff. Ace represented to Plaintiff that the Policy included coverage for hail

2

EXHIBIT 1

and/or wind damage.

9.      On or about March 2, 2023, the Property sustained extensive damage resulting from a severe storm which affected the Denton County area including The Colony, Texas.

10.      In the aftermath of the storm, Plaintiff submitted a claim to Ace against the Policy for damage to the Property.   Ace assigned claim number K Y 2 3 K 2 2 2 6 1 4 7 to Plaintiffs' claim.

11.      Plaintiff asked Ace to cover the cost of damage to the Property pursuant to the Policy.

12.      Ace hired or assigned its agent, Claim Rep, Jill White of Sedgwick, ("White"), to investigate the claim. White assigned Estimator, John Clarke ("Clarke") to inspect the Property.   C l a r k e conducted an inspection on or about 4/3/23.

13.      Based on information and belief, neither White nor Clarke fully investigated the weather at or near Plaintiffs' property on or about the date of loss. White and Clarke failed to provide any findings, conclusions, or determinations related to weather to Plaintiffs.

14.      Ace next hired or assigned JS HELD Engineering ("Held"), to perform an engineering inspection of the Property and generate an engineering report.  W e i  L i, P.E., with Held conducted an inspection on or about April 13, 2023, according to the information contained in his report. The Held report was biased and self-serving and used by Ace to affirm denial of the claim.

15.      On or about July 31, 2023, White sent a letter to Plaintiff stating that

3

EXHIBIT 1

the claim was partially denied because the inspections of the Property and investigation by Held found that "as there was no covered cause of loss to the roof allowing rain to leak to the interior.  Coverage for interior rain damage is limited when it is not the result of a covered cause of loss to the exterior of the building".

16. Held conducted a reinspection of the Property and in a letter dated September 27, 2023 reported that "There is no physical evidence of hail damage to the single-ply membrane roof covering of the subject structure".

17. Ace, through its agents White and Clarke, conducted a substandard and improper inspection of the Property and investigation of the claim. Ace has ultimately refused full coverage which includes, but is not limited to, replacement of the roofing system, replacement of the insulation under the decking system, vents, flashings, damage to the rear side of front façade / roof parapet wall, cracks in the stucco, damage to the front free-standing signage and sign frame, and interior ceiling tiles and drywall finishes damages.  Plaintiff hired Public Adjusting company, Berkeley International Inc., (Berkeley) to represent her and when Berkeley turned over its damage estimate with an inspection photo sheet dated August 30, 2023 it was negligently/fraudulently and completely dismissed by Held.

18. The damage to Plaintiffs' Property is currently estimated at $194,890.27.

19. White, Clarke and Held had a vested interest in undervaluing the

4

EXHIBIT 1

claims assigned to them by Ace in order to maintain their employment and working relationship. The disparity between the lack of damage identified by their reports compared to the damages documented in the report from Berkeley is evidence of unfair claims handling practices on the part of Ace.

20. Furthermore, both White and Clarke were aware of the limiting clauses (Limitations and Exclusions) in Plaintiffs' insurance policy prior to inspecting the Property and investigating the claim. White and Clarke had advanced knowledge of the findings they needed to document in order to be able to underpay and/or deny the claim.

21. White and Clarke misrepresented whether the damage to Plaintiffs' Property was covered. White and Clarke made these misrepresentations while working as Texas adjusters with the hope that Plaintiffs would rely on their expertise and accept the bad faith determination regarding a lack of covered damage as a true representation of whether or not the claim was covered under the Policy.

22. After reviewing Plaintiffs' Policy, White and Clarke misrepresented that the damage was caused by non-covered perils. White and Clarke used their expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy.

23. As stated above, Ace, through White and Clarke, improperly and unreasonably adjusted Plaintiffs' claim. Without limitation, Ace misrepresented the cause of damages to Plaintiffs' Property, as well as the amount of insurance coverage for Plaintiffs' claim or loss under the

5

EXHIBIT 1

Policy.

24. Ace, through White and Clarke, made these and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. A c e  made these false representations with the intent that Plaintiffs act in accordance with the misrepresentations regarding the denial of the claim by ACE.

25. Plaintiff relied on Ace's misrepresentations, including but not limited to those regarding coverage and the cause of damage to Plaintiffs' Property. Plaintiffs' damages are the result of their reliance on these misrepresentations.

26. Upon receipt of the inspection and estimate reports from White and Clarke, Ace failed to assess the claim thoroughly. Based upon White and Clarke's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to denying coverage, Ace failed to provide coverage due under the Policy, and Plaintiff suffered damages.

27. Because Ace failed to provide coverage for Plaintiffs' insurance claim, Plaintiffs have been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiffs' Property.

28. Furthermore, Ace failed to perform its contractual duties to Plaintiffs under the terms of the Policy. Specifically, White and Clarke, performed unreasonable and substandard inspections of the Property and investigations of the Claim that allowed Ace to refuse to pay full proceeds due under the Policy, although due demand was

6

EXHIBIT 1

made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiffs.

29. Ace's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

30. Ace's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Ace has failed to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Specifically, Ace has failed to, in an honest and fair manner, balance its own interests in maximizing gains and limiting disbursements, with the interests of Plaintiffs by failing to timely pay Plaintiffs coverage due under the Policy.

31. Ace's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Ace has failed to provide Plaintiffs a reasonable explanation for denial of the claim.

32. Additionally, after Ace received statutory demand on or about March 8, 2024, Ace has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered

7

EXHIBIT 1

under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

33. Ace's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). White and Clarke, as agents and/or employees of Ace, performed biased and intentionally substandard inspections of the Property and investigations of the claim designed to allow Ace to refuse to provide full coverage to Plaintiff under the Policy.

34. Specifically, Ace performed an outcome-oriented investigation of Plaintiffs' claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

35. Ace's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to White and Clarke's subpar inspections of the Property and investigation of the claim, Ace failed to reasonably accept or deny Plaintiffs' full and entire claim within the statutorily mandated time after receiving all necessary information.

36. Ace's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to White and Clarke's intentional denial of Plaintiffs' claims, Ace failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, White and Clarke's understatement of the damage to the Property caused Ace to delay full

8

EXHIBIT 1

payment of Plaintiffs claim longer than allowed, and Plaintiff has not received rightful payment for their claim.

37. Ace's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT

## BREACH OF CONTRACT

38. All allegations and facts stated above are incorporated herein.

39. Ace is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Ace and Plaintiff.

40. Ace's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Ace's insurance contract with Plaintiff.

## NON-COMPIANCE WITH THE TEXAS INSURANCE CODE:

## UNFAIR SETTLEMENT PRACTICES

41. All allegations and facts stated above are incorporated herein.

42. Ace's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE

9

**EXHIBIT 1**

§541.151.

43. Ace's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(l).

44. Ace's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Ace's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

45. Ace's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

46. Ace's unfair settlement practice of refusing to pay Plaintiffs' full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE:

## THE PROMPT PAYMENT OF CLAIMS

10

EXHIBIT 1

47. All allegations and facts stated above are incorporated herein.

48. Ace's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

49. Ace's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

50. All allegations and facts stated above are incorporated herein.

51. Ace's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

52. Ace's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, even though Ace knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair

11

EXHIBIT 1

dealing.

## DTPA VIOLATIONS

53.    All allegations and facts stated above are incorporated herein.

54.    Ace's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41-63. Plaintiffs are consumers of goods and services provided by Ace pursuant to the DTPA  Plaintiffs have met all conditions precedent to bring this cause of action against Ace.  Specifically, Ace's violations of the DTPA include, without limitation, the following matters:

A.  By its acts, omissions, failures, and conduct, Ace has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. A c e 's violations include: (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim; (2) failure to give Plaintiffs the benefit of the doubt; and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B.    Ace represented to Plaintiffs that the Policy and its adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the **DTPA**.

C.    Ace represented to Plaintiffs that its Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Ace advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.    Ace breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.    Ace's actions are unconscionable in that Ace took advantage of Plaintiffs' lack of

**EXHIBIT 1**

knowledge, ability, and experience to a grossly unfair degree. Ace's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

G.    Ace's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

55.    Each of the above-described acts, omissions, and failures of Ace is a producing cause of Plaintiffs' damages. All of Ace's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

56.    All allegations and facts stated above are incorporated herein.

57.    Ace is liable to Plaintiffs for common-law fraud.

58.    Each and every misrepresentation described above-concerned material facts that absent such representations, Plaintiffs would not have acted as they did, and Ace knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

59.    Ace made the statements intending that Plaintiffs act upon them. Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury constituting common-law fraud.

## KNOWLEDGE

60.    Ace made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

61.    Ace waived and is estopped from asserting any coverage defenses, conditions, exclusions,

**EXHIBIT 1**

or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

62. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiffs. These damages are a direct result of Ace's mishandling of Plaintiffs' claims in violation of the laws set forth above.

63. Plaintiffs currently estimate that actual damages to the Property under the Policy are $194,890.27.

64. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Ace have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' Property and any investigative and engineering fees incurred.

65. For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claims and consequential damages, together with attorney's fees.

66. For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs ask for three (3) times their actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b)(1).

67. For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claims, plus an interest penalty authorized by statute on those claims, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

68. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Ace's breach of duty,

**EXHIBIT 1**

such as additional costs, economic hardship, losses due to the nonpayment of the amount Ace owed, exemplary damages, and damages for emotional distress.

69.     Ace's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Ace for its wrongful conduct and to set an example to deter Ace and others from committing similar acts in the future.

70.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, Chapters 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

71.     As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief over $250,000.00 but not more than $1,000,000.00, including interest statutory or punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## JURY DEMAND

72.     Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Denton County, Texas. Plaintiffs hereby tender the appropriate jury fee.

**EXHIBIT 1**

## PRAYER

Plaintiff Samantha Sun Oasis Liquor pray that Defendant Ace Property & Casualty Ins Co., be cited and served to appear and that upon trial hereof, Plaintiffs recover from Defendant such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiffs may show they are so justly entitled.

Dated: August ___, 2024

Respectfully submitted,

By: /s/ Anthony Pastor

Anthony Pasto Bar No. 1049696
Rick Carrasco Bar No. 00798096
National Insurance Advocates, PLLC
5900 Balcones Drive # 15930
Austin, TX 78731
Telephone: (833) 701-4110
Intake@NIA.Law

**EXHIBIT 1**