## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| SAMANTHA SUN OASIS LIQUOR | § | |
| | § | |
| v. | § | NO. 4:25-CV-00176-ALM-BD |
| | § | |
| ACE PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY | § | |

### MEMORANDUM OPINION AND ORDER

In this diversity case, defendant ACE Property & Casualty Insurance Company filed a motion under Federal Rule of Civil Procedure 42(b) for separate trials. Dkt. 15. (The motion speaks in terms of severance, but a request for severance under Rule 21 is distinct from a request for separate trials under Rule 42(b) (or bifurcation, as a request for separate trials is sometimes called, *see Nester v. Textron, Inc.*, 888 F.3d 151, 162 (5th Cir. 2018)), and ACE does not seek relief under Rule 21, *compare* Fed. R. Civ. P. 21 *with id.* R. 42(b); *see, e.g.*, *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993).) ACE wants a separate trial on plaintiff Samantha Sun Oasis Liquor's contractual claims, which it would like to see resolved before the court takes up Oasis Liquor's extra-contractual claims. Its motion also requests abatement of discovery as it relates to the extra-contractual claims.

Based on the certificate of conference in ACE's motion, it appears that Oasis Liquor improperly declined to confer, *see* Dkt. 15 at 9, and it did not file a response. Nevertheless, ACE has not met its burden, so the court will deny its motion.

### BACKGROUND

Oasis Liquor alleges that it owned an ACE property-insurance policy that included coverage for hail and wind damage. Dkt. 6. But when it submitted a claim for property damage after a storm, ACE allegedly failed to conduct a proper inspection and refused to pay in full. And the ACE agents who inspected the property allegedly misrepresented both the cause of the damage and the amount

of coverage. The operative complaint asserts claims against ACE for breach of contract, violation of several Texas statutes, and breach of the common-law duty of good faith and fair dealing.

## LAW

In diversity cases, the court applies federal procedural law and state substantive law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996). Deciding whether to order separate trials under Rule 42(b) is a procedural issue. *Nester*, 888 F.3d at 163; *Zapata v. Travco Ins. Co.*, No. 1:23-CV-595, 2024 WL 1556465, at *1 (S.D. Ohio Apr. 10, 2024).

Rule 42(b) provides that, "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial."

But "[t]here is an important limitation on ordering a separate trial of the issues under Rule 42(b): the issue to be tried must be so distinct and separable from the others that a trial of it alone may be had without injustice." *Swofford v. B & W, Inc.*, 336 F.2d 406, 415 (5th Cir. 1964). The movant bears the burden on that point, *Crossroads Mgmt. 1, Ltd. v. Safeco Ins. Co. of Am.*, No. 4:09-CV-00343, 2010 WL 11531101, at *1 (E.D. Tex. May 19, 2010), and should keep in mind that "[s]eparation of issues . . . is not the usual course," *McDaniel*, 987 F.2d 298, 304 (5th Cir. 1993). Whether to grant that relief lies within a district court's discretion. *Alaniz v. Zamora-Quezada*, 591 F.3d 761, 773–74 (5th Cir. 2009).

## DISCUSSION

ACE argues that ordering separate trials would be economical because extra-contractual claims like Oasis Liquor's "generally depend on the outcome of contractual coverage claims" and that, if it prevails on the breach-of-contract claim, it "will not be liable for any of the alleged code violations." Dkt. 15 at 4–5. It also asserts that, if the extra-contractual claims are not tried separately, it will be prejudiced at trial by having to choose between putting on evidence of its settlement offer to Oasis Liquor in defense of the bad-faith claim or opting not to put on that

Case 4:25-cv-00176-ALM-BD    Document 20    Filed 08/01/25    Page 3 of 4 PageID #: 324

evidence to avoid appearing liable for the breach-of-contract claim. Finally, ACE asks that if the court separates the contractual claim from the extra-contractual claims, it also abate discovery on the extra-contractual claims.

As noted, ACE has not met its burden under Rule 42(b). That is true for two reasons.

*First*, it is not clear that bifurcation will be economical. ACE argues that all of Oasis Liquor's extra-contractual claims will fail if Oasis Liquor's contract claim fails. But the Texas Supreme Court has explained that, although "an insured cannot recover policy benefits for a statutory violation unless the jury finds that the insured had a right to the benefits under the policy, the insured does not *also* have to prevail on a separate breach-of-contract claim based on the insurer's failure to pay those benefits." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 494 (2018). In other words, the success of extra-contractual claims in this setting does not necessarily depend on a finding of liability for breach of contract.

But even if ACE were correct in contending otherwise, separate trials would not be economical if Oasis Liquor were to prevail on its contract claim. In that scenario, the court and the parties would have to reopen discovery and conduct a second trial. *See Duff v. State Farm Mut. Auto. Ins. Co.*, No. 1:20-CV-00386-MJT, 2021 WL 6618463, at *2 (E.D. Tex. Mar. 9, 2021) (collecting cases and noting that "[a]lthough contractual and extra-contractual issues are in many ways distinct, most of the same facts and witnesses . . . will unavoidably be relevant to both"), *amended on other grounds in* No. 1:20-CV-00386, 2021 WL 6618465 (E.D. Tex. June 10, 2021); *Presswood v. Allstate Vehicle & Prop. Ins. Co.*, No. 4:16-CV-00958-KPJ, 2017 WL 7051288, at *2 (E.D. Tex. July 7, 2017) (finding that the potential costs of reopening discovery, empaneling another jury, and preparing for a second trial "far outweigh[ed] any speculative savings" from bifurcation).

*Second*, ACE neither offers evidence that it made Oasis Liquor a settlement offer nor argues that revelation of such an offer would cause prejudice. ACE's motion refers to an "Exhibit B," which purportedly shows that ACE negotiated with Oasis Liquor, but the motion does not attach the exhibit. It also asserts only that "if [Oasis Liquor's] claims are not bifurcated, ACE will be irrevocably prejudiced by the conflict that will arise between ACE's need to introduce evidence of

its offers to compromise with [Oasis Liquor] in an effort to resolve the claim at issue, in defense against [Oasis Liquor's] bad faith claims, and ACE's right to exclude this evidence in its trial of the underlying contract claim." Dkt. 15 at 6. Given the lack of evidence, the court is not persuaded that bifurcation is appropriate at this point. *See Cedillo v. Gen. Ins. Co. of Am.*, No. 2:14-CV-942-JRG, 2015 WL 12827783, at *1 (E.D. Tex. Jan. 26, 2015) (collecting cases denying similar motions with and without prejudice). And even if a settlement offer was made, any risk of prejudice from introducing it at trial could be cured by sequencing the proof at a single trial or providing a limiting instruction. *See Duff*, 2021 WL 6618463, at *2; *Geraci v. State Farm Mut. Auto. Ins. Co.*, No. 9:09-CV-00050, 2009 WL 10677455, at *1 (E.D. Tex. May 6, 2009).

Because ACE has not shown that bifurcation is appropriate, neither is abatement of discovery on Oasis Liquor's extra-contractual claims.

## CONCLUSION

It is **ORDERED** that the motion, Dkt. 15, is **DENIED WITHOUT PREJUDICE**.

So **ORDERED** and **SIGNED** this 1st day of August, 2025.

Bill Davis
United States Magistrate Judge